# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **FROG MARKETING, INC.,**<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**DENNIS GWAK, CAPITAL MORTGAGE, LLC, and GODADDY.COM,**<br><br>　　　　　　　Defendants. | **PRELIMINARY INJUNCTION**<br><br>Case No. 2:07CV351DAK |

　　　　This matter is before the court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff served Defendants with its Complaint and Motion on June 4, 2007. On June 11, 2007, the court held a hearing on the motion and issued a temporary restraining order. The court set a hearing on the preliminary injunction for August 21, 2007. At the hearing on the motion for preliminary injunction, Plaintiff was represented by Robert E. Mansfield and Robert H. Scott, and Defendants Dennis Gwak and Capital Mortgage LLC were represented by Bradley G. Nykamp. Defendant GoDaddy.com was not represented at the hearing, but it appears that its status as a defendant is moot given Defendant Gwak's compliance with the court's temporary restraining order in transferring the domain name "adhitch.com" to Plaintiff and furnishing Plaintiff the User Name, Password, and any other information necessary to allow Plaintiff to recover exclusive control of the "adhitch.com" domain name and website. Now being fully advised, the court issues the following Preliminary Injunction.

## Plaintiffs' Motion for Preliminary Injunction

In order to obtain preliminary injunctive relief, the moving party must establish:

(1) a substantial likelihood that the movant will eventually prevail on the merits; (2) a showing that the movant will suffer irreparable injury unless the injunction issues; (3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) a showing that the injunction, if issued, would not be adverse to the public interest.

*SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991). Because a preliminary injunction is an extraordinary remedy, the "right to relief must be clear and unequivocal." *Id.*

Based on the facts outlined in Plaintiff's Verified Complaint, Plaintiff's Motion, and the arguments of counsel at the hearing, the court finds that Plaintiff has met its burden of establishing each of the elements necessary for a preliminary injunction. The facts demonstrate that there is a substantial likelihood that Plaintiff will succeed on the merits of its claims, and Plaintiff's business will suffer irreparable harm if a preliminary injunction does not issue. Furthermore, the injury to Plaintiff if the preliminary injunction does not issue outweighs any potential injury to Defendants, and the issuance of a preliminary injunction is not against the public interest.

Accordingly, the court enters the following Preliminary Injunction:

1. Defendants Gwak and Capital Mortgage are ordered to return to Plaintiff all documents and all information related to Plaintiff's business contained on any of the computers or hard drives in Gwak's control. It appears that most, if not all, of this requirement has been accomplished. To the extent that there are any remaining documents or information that still needs to be turned over, Plaintiff shall do so.

2. Defendant Gwak shall provide to Plaintiff all information relating to the Wells Fargo $10,000 line of credit to enable it to determine whether the charges to such line of credit are

related to Plaintiff's business or personal. This includes documentation regarding the cash advances received on this line of credit. Gwak argued that these cash advances were reimbursements for business related expenses that he had incurred personally. Accordingly, he should have documentation in the form of personal checks or receipts. Plaintiffs shall also use its best efforts to ascertain the nature of these payments. There was evidence at the hearing that Plaintiff has had access to the Wells Fargo checking account and company bank records. Both parties are obligated to work together to ascertain the portion, if any, of this line of credit that is not personal.

     3. Plaintiff shall keep the Wells Fargo $10,000 line of credit current as to all business related expenses and make its best efforts with Wells Fargo to remove Gwak as a personal guarantor on the line of credit. This includes cooperating with Gwak in his attempts to be removed and providing another individual to replace Gwak as guarantor. If this requires a joint meeting between parties and counsel, the parties should undertake such meeting within a timely manner.

     4. Plaintiff shall keep the $50,000 auto loan current and make efforts with the issuing bank or financial institution to remove Gwak as a personal guarantor on the loan. This includes cooperating with Gwak in his attempts to be removed and providing another individual to replace Gwak as guarantor. If this requires a joint meeting between parties and counsel, the parties should undertake such meeting within a timely manner.

     5. Defendants Gwak and Capital Mortgage are enjoined from communicating with Plaintiff's customers, dealers, potential customers, potential dealers, and manufacturers, including DS Manufacturing, while representing that Gwak or Capital are speaking on behalf of Plaintiff.

7. Defendants Gwak and Capital Mortgage are enjoined from competing with Plaintiff in the production or sales of any device substantially similar to the Adhitch being marketed by Plaintiff.

8. Defendants Gwak and Capital Mortgage are enjoined from using the name "Adhitch," the domain name "adhitch.com," or any of the materials currently on the adhitch.com website for any purpose, including, but not limited to, competition with Plaintiff in the marketplace or actions taken to damage Plaintiff's business or reputation.  Plaintiff agreed at the hearing that he would discontinue use of the email "adhitch@gmail.com."  This should be accomplished as soon as reasonably practicable.

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is GRANTED.  This Order will remain in effect during the pendency of this action.  Plaintiffs are not required to post a bond or security for the issuance of this injunction.

DATED this 27th day of August, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge